**NEFF, Petitioner, v. HALL, Sheriff of Franklin County, Defendant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6263. Decided December 29, 1959.

Mark McElroy, Atty. Genl., Kent F. Ozmun, Asst. Atty. Genl., Columbus, for petitioner.

Earl W. Allison, Pros. Atty., Columbus, for defendant.

Vorys, Sater, Seymour & Pease, Columbus, for intervenor, Inland Products, Incorporated.

(McLAUGHLIN, J, of the Fifth District, sitting by designation in the Tenth District.)

## OPINION

By McLAUGHLIN, J.

The question for our decision is: Can a fee appraiser hired by the State Highway Department be required to divulge his findings at a deposition taken for the landowner in a highway appropriation proceedings?

Petitioner here seeks a writ of Habeas Corpus to discharge him from the technical custody of the Sheriff. He is a fee appraiser, hired by the Director of Highways to make an appraisal of land taken in an appropriation proceedings. He refused to divulge his appraisal findings at a deposition being taken by the landowner before a Notary Public. His refusal was upon advice of counsel.

The deposition was recessed and reconvened in Common Pleas Court. He was held in contempt for refusing to answer as follows: (Deposition record Pages 6 and 7.)

"Q. State the findings of your appraisal of the Inland Products property involved in this condemnation proceedings?

"\* \* \*

"A. On the instruction of counsel I refuse to answer the question."
(Deposition record Pages 10 and 11)

"Q. Mr. Neff, in connection with this appraisal have you prepared certain reports and records?

"A. Yes, sir.

"Q. In response to the subpoena which was issued to you, did you bring those records with you today?

"A. Yes, sir.

"Q. Will you produce those records for my use and examination at this time?

"* * *

"A. I refuse to produce the reports on the advice of counsel."

It was stipulated that said appraisal reports had been given to the Appraisal Section of the Highway Department and then turned over to the Attorney General's office for trial preparation, and that the reports called for were copies of that same appraisal.

The appropriation proceedings was under §5519.02 R. C. From the provisions of that statute the Director of Highways is put in the position of defending his determination of the fair market value of the "take." In other words, in like position of a defendant in any lawsuit.

This Court is of the opinion that the appraisal report, under these circumstances, was privileged information of the Highway Department. It was a part of the Director's trial preparation. It had been turned over to the Department's counsel. It contained conclusions based upon facts which were readily available to anyone. It was not necessary to the landowner for his trial preparation.

The appraisal report is privileged also because according to the custom and duty of the Highway Director, it had been turned over to the Attorney General's office. See **In re Bates, 167 Oh St 46.**

The writ of Habeas Corpus is granted and petitioner is discharged from custody.

BRYANT, PJ, DUFFY, J, concur.